**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Bertha Sanchez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BERTHA SANCHEZ**,<br><br>          Plaintiff,<br><br>     vs.<br><br>**CONVERGENT OUTSOURCING, INC.**,<br><br>          Defendant. | Case No.: **'21CV890 BEN LL**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET. SEQ.; AND**<br><br>2) **THE CALIFORNIA ROSENTHAL ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//
//
//

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. BERTHA SANCHEZ ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CONVERGENT OUTSOURCING, INC., ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and this Court has supplemental jurisdiction over related state law and common law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant is conducted business within this judicial district at all times relevant

## PARTIES

14. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2(g); a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

15. Defendant is a corporation with its corporate headquarters in the State of Washington and is a "person" as defined by Cal. Civ. Code § 1788.2(g).

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

17. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e); and, 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Sometime prior to 2020, Plaintiff allegedly incurred financial obligations to an original creditor, T-Mobile, USA, that were money, property, or their equivalent,

which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f); and, 15 U.S.C. § 1692a(5).

20. Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

21. In or around September 2020, Defendant purchased, was assigned, transferred or otherwise acquired the alleged debt from the original creditor.

22. On or around February 18, 2021, Defendant contacted Plaintiff, via letter, attempting to collect on the alleged debt.

23. Thereafter, Plaintiff retained the services of the Kazerouni Law Group ("KLG") to represent Plaintiff with regard to Plaintiff's alleged debt.

24. Plaintiff's counsel transmitted a Letter of Representation ("LOR") for Plaintiff to Defendant via facsimile on March 11, 2021. This LOR informed Defendant that Plaintiff was a represented party with regard to Plaintiff's alleged debt and provided Defendant with Plaintiff's counsel's name and contact information.

25. The LOR also requested that all future communications with regard to Plaintiff's account be sent and directed directly to Plaintiff's counsel's office only.

26. Defendant's receipt of the LOR via facsimile was confirmed by a fax confirmation received on March 11, 2021 at 5:08 p.m.

27. Despite receipt of the LOR via facsimile indicating Plaintiff was a represented party, Defendant continued to contact Plaintiff directly on Plaintiff's cellular telephone multiple times including but not limited to a call to Plaintiff on March 13, 2021, at approximately 8:44 a.m.

28. Defendant's attempts to contact Plaintiff regarding the alleged debt after the LOR violated the FDCPA and the RFDCPA.

29. Through this conduct of calling Plaintiff directly after Defendant was notified in writing by the LOR that Plaintiff was represented by attorneys related to the

alleged debt and the LOR clearly contained the office name, address, and phone number for Plaintiff's attorneys, and requested that Defendant contact Plaintiff's attorneys regarding the alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

30. Through the above collection activities, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. By persisting to call Plaintiff in attempt to collect upon the alleged debt despite receiving the LOR, Defendant has engaged in conduct in violation of 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through the conduct above, Defendant violated Cal. Civ. Code § 1788.14(c) by initiating communications other than statements of account, with the debtor with regard to the alleged consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to said alleged consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney.

33. As a direct and proximate result of Defendant's willful, unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered actual damages and mental anguish by way of embarrassment, shame, anxiousness, annoyance, fear, and feelings of despair over Defendant's persisting collection calls to Plaintiff in violation of the FDCPA and the RFDCPA, as alleged in greater detail above.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

39. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of actual damages, in an amount to be determined at trial,

- 7 -
COMPLAINT

pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and,
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

40. Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 7, 2021               Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     *s/ Mona Amini*
   David J. McGlothlin, Esq.
   Mona Amini, Esq.

*Attorneys for Plaintiff*